# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO LUGO, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:18-cv-0807 - JLT <br><br> ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) <br><br> ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF ADOLOFO LUGO AND AGAINST DEFENDANT, THE COMMISSIONER OF SOCIAL SECURITY |

Adolfo Lugo asserts he is entitled to benefits under Title II of the Social Security Act. Plaintiff argues the administrative law judge erred in her evaluation of the vocational evidence in the action. Because the ALJ failed to apply the proper legal standards and ignored significant, probative evidence in the record, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

On May 19, 2014, Plaintiff filed an application a period of disability and disability insurance benefits. (Doc. 11-7 at 2) The Social Security Administration denied his applications at the initial level and upon reconsideration. (*See generally* Doc. 11-4; Doc. 11-3 at 24) Plaintiff requested a hearing and testified before an ALJ on February 2, 2017. (*See* Doc. 11-3 at 24, 41) At that time, the ALJ also obtained testimony from a vocational expert. (*See id.* at 52) The ALJ determined Plaintiff was not disabled and issued an order denying benefits on February 24, 2017. (*Id.* at 24-32)

Plaintiff requested review by the Appeals Council, asserting that "ALJ failed to acknowledge or consider [the] vocational analysis by Ms. Judith Najarian." (Doc. 11-8 at 69) In addition, Plaintiff argued the ALJ erred in her classification of the past relevant work. (*Id.*) On April 11, 2018, the Appeals Council denied Plaintiff's request for review, finding "no reason under [the] rules to review the Administrative Law Judge's decision." (Doc. 11-3 at 2-4) Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security.

## **STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## **DISABILITY BENEFITS**

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.*

### A. Work History Report

On July 10, 2014, Plaintiff completed a work history report regarding the jobs he held in the past fifteen years. (Doc. 11-8 at 13-22) He indicated he worked as a "letter sorter" for the census, a stocker for a grocery store and as a warehouse employee. (*Id.* at 13) Plaintiff reported that in the letter sorter position, he stood for eight hours a day and handled boxes with letters. (*Id.* at 15) He indicated the heaviest boxes he lifted weighed fifty pounds and he was required to "move the boxes to the machine." (*Id.*) He lifted these boxes "2/3 of the workday." (*Id.*)

### B. Vocational Expert's Report

At the request of counsel, vocational expert Judith Najarian, provided a report to clarify Plaintiff's past work. (Doc. 11-8 at 63-65) Ms. Najarian noted that Plaintiff reported:

> At his work station, he would go to a mail cart, already filled with mail, and push it about 10 feet to the mail sorting machine.
>
> The wheeled mail cart that he pushed is described as 6 feet tall, 4 feet wide, with four shelves on it. On the shelves are plastic mail bins, similar to those used by the Post Office. There are 16 bins to a cart and each bin is filled by another worker with mail/correspondence. Depending on how full each bin is, Mr. Lugo estimated the bins weigh 30-50 pounds each.
>
> The mail sorting machine is programmed by a supervisor to sort by desired location. If a jam occurs, he is to call a supervisor and not clear the jam himself.

His job was to individually take each bin off the cart in turn, place the bin on a 3-foot tall table by the sorting machine, and hand remove mail from the bin to feed into the machine. He would then return the empty bins to the cart, return the empty cart, and acquire another full cart to repeat this process throughout his shift.

(*Id.* at 63-64) According to Ms. Najarian, "There was no [*Dictionary of Occupational Titles*] code that accurately reflects this job as performed." (*Id.* at 64) She observed the *Dictionary of Occupational Titles*[1] includes the following positions:

> Mail Clerk (209.687-026) Light, SVP 2, is an individual who works in a mail room, opening, stamping, and distributing mail.
>
> Mail Machine Operator (208.462-050) Medium, SVP 5, is an individual who operates the bundling/addressing machine and adjusts the machine itself to produce the desired results.
>
> Feeder (651.686-014) Heavy, SVP 3, is an individual who feeds paper onto an offset press and will make adjustments to the press.
>
> Machine Feeder (699.686-010) Medium, SVP 2, feeds stock onto a machine but this classification envisions fabricating machines, not mail machines.
>
> Material Handler (929.687-030) Heavy, SVP 3, addresses moving materials as reflected in moving the carts but the focus is in a warehouse setting and the individual may operate a piece of equipment in moving the material.

(*Id.* at 64-65) Ms. Najarian opined that each of these job descriptions under the *Dictionary of Occupational Titles* "fall short." (*Id.* at 65) She explained, "Mr. Lugo was not the mail sorter/clerk. He was a machine feeder/loader and the machine did the sorting." (*Id.* at 64) In addition, she opined Plaintiff "was performing heavy work at an SVP 2 level." (*Id.*) Ms. Najarian concluded Plaintiff's work was "best reflected as a hybrid of the Feeder and Machine Feeder job titles." (*Id.*)

Plaintiff submitted the report of Ms. Najarian, and it was incorporated into the record as Exhibit 13E. (*See* Doc. 11-8 at 63-75) The ALJ admitted Exhibit 13E as evidence in the record at the hearing held on February 2, 2017. (Doc. 11-3 at 41)

**C.      Administrative Hearing Testimony**

Plaintiff testified with the assistance of an interpreter before the ALJ at the administrative

---

[1] *The Dictionary of Occupational Titles* ("*DOT*") by the United States Dept. of Labor, Employment & Training Admin., may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The *DOT* classifies jobs by their exertional and skill requirements and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1).

4

hearing in February 2017. (Doc. 11-3 at 45) He reported his past work included working for the census, which required him to "sort [letters] in the machine." (*Id.* at 46) Plaintiff explained the boxes he lifted varied in weight, from thirty pounds to fifty pounds. (*Id.*) Plaintiff stated that he would put the letters into the machine, and the machine did the sorting. (*Id.*)

Vocational expert Susan Moranda reported that she reviewed Plaintiff's work history exhibits and classified Plaintiff's past work for the census under the *Dictionary of Occupational Titles* as "a mail sorter," DOT 222.687-022. (Doc. 11-3 at 53-54) She reported that under the *DOT*, the position was unskilled and required "light exertion." (*Id.* at 54) In addition, Ms. Moranda opined Plaintiff performed the work at a medium exertion level. (*Id.*)

The ALJ asked Ms. Moranda to "assume a hypothetical person of the same age, education, work background, and also language, which is Spanish speaking." (Doc. 11-3 at 54) In addition, the ALJ indicated the individual could "lift and carry 50 pounds occasionally, 25 pounds frequently[;] sit, stand, or walk six to eight [hours]." (*Id.*) Ms. Moranda opined an individual with these limitations could perform Plaintiff's past work. (*Id.*)

Next, the ALJ asked Ms. Moranda to consider an individual who was limited to light exertion, who could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk six to eight hours; and occasionally "climb, kneel, crouch, crawl, [and] stoop." (Doc. 11-3 at 54) Further, the ALJ indicated the hypothetical person was limited to frequently balancing; no climbing ladders, ropes, or scaffolds; and "need[ed] to avoid concentrated exposure to heights and extreme cold." (*Id.*) Ms. Moranda responded an individual with these limitations could work as a "letter sorter but not as [Plaintiff] performed it." (*Id.* at 54-55)

**D.     The ALJ's Findings**

Pursuant to the five-step process, the ALJ first determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of May 1, 2013 through his date last insured of December 31, 2015." (Doc. 11-3 at 26) Second, the ALJ found Plaintiff's severe impairments included "lumbar degenerative disc disease and obesity." (*Id.*) At step three, the ALJ opined Plaintiff's impairments did not meet or medically equal a listed impairment. (*Id.* at 27) Next, the ALJ determined:

> [T]rough the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567 (c), including lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and walking for six to eight hours; and sitting for six to eight hours in an eight-hour workday, with occasional climbing, kneeling, crouching, crawling, and stooping; and frequent balancing. He is unable to climb ladders, ropes or scaffolds, and must avoid concentrated exposure to heights and cold temperatures.

(*Id.* at 27) Considering this residual functional capacity, the ALJ determined Plaintiff "was capable of performing past relevant work as a mail sorter" through his date last insured. (*Id.* at 32) The ALJ noted Ms. Moranda "testified that an individual with the same residual functional capacity as the claimant could perform the claimant's past relevant work as a mail sorter as per the Dictionary of Occupational Titles." (*Id.*) Thus, the ALJ concluded Plaintiff was "not under a disability, as defined in the Social Security Act, at any time from May 1, 2013, the alleged onset date, through December 31, 2015, the date last insured." (*Id.*)

## **DISCUSSION AND ANALYSIS**

Plaintiff argues, "The ALJ committed reversible error by failing to weigh the opinion evidence from the Vocational Expert, Judith Najarian." (Doc. 17 at 10, emphasis omitted) In addition, Plaintiff challenges the classification of his job work by Ms. Moranda as a mail sorter, asserting the definition in the *Dictionary of Occupational Titles* "bears no resemblance to [his] past relevant work." (*Id.* at 11) The Commissioner argues the ALJ properly relied on the testimony of Ms. Moranda and that Plaintiff "waived [any] argument to the contrary." (Doc. 19 at 18)

**A.    Step Four of the Sequential Evaluation**

At step four, a claimant has the burden to establish that he cannot perform his past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Past relevant work is work performed in the last 15 years that lasted long enough to learn it and was substantial gainful employment. SSR 82-61, 1982 SSR LEXIS 31.[2] The ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Nevertheless, the Ninth Circuit explained that "the ALJ still has a duty to

---

[2] Although Social Security Rulings issued by the Commissioner to clarify regulations and policies do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

make the requisite factual findings to support his conclusion." *Id.*, 249 F.3d at 844.

The Social Security Administration has identified three tests for an ALJ to determine whether a claimant retains the capacity for past relevant work, including:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packing job," etc.
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands the job duties of the job as ordinarily required by employers throughout the national economy.

SSR 82-61, 1982 SSR LEXIS 31, at *2-3. To determine how a claimant actually performed his work, an ALJ may consider: "(1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002), citing *Pinto*, 249 F.3d at 845, accord. SSR 82-61, SSR 82-41; *see also* SSR 82-62, 1982 SSR LEXIS 27, at * 6-7 ("statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work"). Usually, "the best source for how a job is generally performed" in determining the requirements of a claimant's past relevant work is the *Dictionary of Occupational Titles*, and vocational expert testimony may be considered at step four of the sequential analysis. *Pinto*, 249 F.3d at 845-46.

### 1. Whether a step four challenge was waived

As an initial matter, the Commissioner contends Plaintiff waived any argument as to the ALJ's step four findings because "during the hearing, Plaintiff's counsel did not challenge VE Miranda (sic) or her classification of past work." (Doc. 19 at 18) The Commissioner observes Plaintiff's counsel "offered no objections to the expert's testimony either at the hearing or in a post-hearing brief to the ALJ." (*Id.* at 19) In addition, the Commissioner notes that "Plaintiff's attorney never mentioned to the ALJ Ms. Najarian's report classifying Plaintiff's past work differently from the vocational expert's testimony during the administrative hearing or after the hearing." (*Id.* at 20) Thus, the Commissioner argues "Plaintiff forfeited his challenge to the ALJ's reliance on the vocational expert's testimony when his attorney failed to raise the past work classification issue during the administrative hearing

proceedings." (*Id.* at 20)

In response, Plaintiff argues that he "properly raised conflicting vocational evidence before the Agency." (Doc. 20 at 2, emphasis omitted) Plaintiff notes that he submitted Ms. Najarian's report prior to the hearing, and it was "admitted...into evidence within the first few moments of the hearing proceedings." (*Id.* at 20, citing Doc. 11-3 at 41 [AR 40]) Plaintiff observes, "When expert testimony conflicts with other opinions in the file, the ALJ has an automatic duty to weigh the evidence and accord weight to the opinion that is well-supported and consistent with the record; it is not done only upon request." (*Id.*, citing SSR 82-62) Thus, Plaintiff contends the Commissioner errs in placing a burden upon a hearing representative "to discuss each exhibit during the hearing and request it be weighed." (*Id.*) Further, Plaintiff asserts his "explicit request to the Appeals Council raising the Step Four issue sufficed to preserve this issue for appeal." (*Id.* at 3, citing *Lamear v. Berryhill*, 865 F. 3d 1201, 1206 (9th Cir. 2017))

As noted by Plaintiff, the Ninth Circuit determined that an issue raised to the Appeals Council was not waived when a claimant seeks judicial review. *Lamear*, 865 F.3d at 1206; *see also Harhaw v. Colvin*, 2014 WL 972269 at *4 (E.D. Cal. Mar. 10, 2014) ("issues raised before the Appeals Council, but not the ALJ, are not waived on appeal to the district court," citing *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012)), *aff'd* Fed. App'x 316 (9th Cir. 2015); *see also Guerrero v. Colvin*, 2017 WL 1520016, at *5 (S.D. Cal. Apr. 26, 2017) ("if an issue is raised before the Appeals Council but not with the ALJ that issue is likewise not waived in the district court"). Plaintiff challenged the ALJ's step four findings before the Appeals Council, asserting that the ALJ erred through the failure "to acknowledge or consider [the] vocational analysis by Ms. Judith Najarian" and challenged the classification of his "past job as a mail sorter [as] inconsistent with the Dictionary of Occupational Titles." (Doc. 11-8 at 69, emphasis omitted) Because Plaintiff raised these issues to the Appeals Council, the Court finds Plaintiff has not waived a challenge to the ALJ's analysis and findings at step four.

2. The ALJ's findings

The ALJ called Ms. Moranda to testify at the administrative hearing regarding Plaintiff's past relevant work. (Doc. 11-3 at 53-54) Ms. Moranda classified Plaintiff's past relevant work "as a mail

8

sorter," with DOT code 222.687-022. (*Id.* at 54)  The ALJ then asked Ms. Moranda to consider "a hypothetical person of the same age, education, work background, and also language, which is Spanish speaking," [and] the same residual functional capacity of Plaintiff. (*Id.*)  Ms. Moranda opined the hypothetical individual could perform the work as a "letter sorter" under the *DOT* "but not as [Plaintiff] performed it." (*Id.* at 54-55)  Relying upon this testimony, the ALJ concluded at step four that Plaintiff "was capable of performing past relevant work as a mail sorter" through his date last insured. (*Id.* at 32)

As Plaintiff observes, the ALJ did not address the vocational report prepared by Ms. Najarian at step four—or at any point in her decision—which expressly contradicted the job classification offered by Ms. Moranda at the hearing. (*See* Doc. 17 at 12)  The report, which is identified as Exhibit 13E in the record, was admitted into evidence by the ALJ at the hearing (Doc. 11-3 at 40) and identified in the "List of Exhibits" document attached to the ALJ's decision. (Doc. 11-3 at 36 [noting Exhibit 13E as "Misc Disability Development and Documentation" from "VE Judith Najarian]; Doc. 11-3 at 40 [admitting exhibits "1E to 15E" at the hearing]).  Nevertheless, the ALJ did not address Ms. Najarian's opinions, including her conclusions that "Mr. Lugo was not the mail sorter/clerk. He was a machine feeder/loader and the machine did the sorting." (Doc. 11-8 at 64)  In addition, Ms. Najarian opined Plaintiff "was performing heavy work at an SVP 2 level." (*Id.*)  Instead, without comment, the ALJ adopted the conclusions of Ms. Moranda that Plaintiff was a "mail sorter" and that he performed the work at a medium exertion. (Doc. 11-3 at 32)

Significantly, an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *see also Jelinek v. Bowen*, 870 F.2d 457, 458 (8th Cir. 1989) (finding the ALJ's evaluation of the evidence was "totally deficient" where the ALJ "arbitrarily reject[ed] the claimant's vocational expert's reasoned opinion").  Because the ALJ ignored the vocational report and opinions from Ms. Najarian, the Court finds the ALJ erred in her evaluation of Plaintiff's past relevant work.

3. Whether the ALJ's errors were harmless

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The analysis as to whether an

error is harmless requires a "case-specific application of judgment" by the reviewing court." *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009), 28 U.S.C. § 2111)).

The Court is unable to find the ALJ's error was inconsequential to the disability determination where the inquiry ended at step four with a finding that Plaintiff could perform his past relevant work as classified as a "mail sorter" under the *Dictionary of Occupational Titles*, DOT 222.687-022. Under the *Dictionary of Occupational Titles*, the position of "routing clerk" or "mail sorter" includes the following tasks:

> Sorts bundles, boxes, or lots of articles for delivery: Reads delivery or route numbers marked on articles or delivery slips, or determines locations of addresses indicated on delivery slips, using charts. Places or stacks articles in bins designated according to route, driver, or type.

DOT 222.687-022, 1991 WL 672133. In addition, the position is classified as requiring a light exertion level. *Id.* However, as Plaintiff observes, Ms. Najarian determined this was not a proper classification because Plaintiff "was a machine feeder/loader and the machine did the sorting." (Doc. 11-8 at 64) Instead, Ms. Najarian opined Plaintiff's past relevant work was "a hybrid of the Feeder and Machine Feeder job titles," which require medium and heavy exertion. (Doc. 11-8 at 64-65; *see also* DOT 651.686-014, 1991 WL 685713 [feeder position, requiring heavy work]; DOT 699.686-010, 1991 WL 678871 [machine feeder position, requiring medium work]) Because Plaintiff was limited to light exertion with postural limitations, under Ms. Najarian's analysis, he would be precluded from performing his past relevant work.[3] Thus, the Court is unable to find the error of the ALJ was harmless.

**B.    Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S.

---

[3] Notably, a claimant is entitled to challenge an ALJ's classification of his past relevant work under the *DOT*. *See Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986); *see also Goodenow-Boatsman v. Apfel*, 2001 WL 253200, at *7 (N.D. Cal. Feb. 27, 2001) ("plaintiff may challenge the ALJ's classification of [his] past relevant work according to the DOT").

12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The Social Security Act requires the ALJ, and not the Court, to resolve conflicts in the evidence. *See Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995); *see also McCaffrey v. Colvin*, 978 F. Supp. 2d 88, 92 (D. Mass. 2013) (observing that an ALJ is empowered to "resolve conflicting evidence" from two vocational experts); *Richardson v. Berryhill*, 2018 U.S. Dist. LEXIS 133251 (W.D. La. July 23, 2018) ("conflicts in the evidence, including conflicts between two vocational experts, are to be resolved by the Commissioner, not by the courts"). Consequently, the matter should be remanded for the ALJ to address the vocational report from Ms. Najarian and resolve the conflict between the two vocational experts related to the classification of Plaintiff's past relevant work. *See Goforth v. Colvin*, 2015 WL 5190819 (E.D. Tex. Sept. 4, 2015) (remanding the matter for consideration of the report of a vocational expert hired by the claimant).

## **CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds the ALJ failed to consider significant, probative evidence related to Plaintiff's past relevant work and failed to resolve a conflict in the record between two vocational experts. Consequently, the Court cannot uphold the ALJ's decision. *See Sanchez*, 812 F.2d at 510. Because the Court finds remand is appropriate on this ground, it offers no findings on the remaining issue presented in Plaintiff's opening brief.

Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

///

///

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Adolfo Lugo, and against Defendant, Andrew M. Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 27, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE