UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO LUGO, | Case No.: 1:18-cv-0807 JLT |
| Plaintiff, | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | 42 U.S.C. § 406(b) |
| ANDREW M. SAUL, Commissioner of Social Security, | (Doc. 27) |
| Defendant. | |

Jonathan Pena, counsel for Plaintiff Adolfo Lugo, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 27) Neither Plaintiff nor the Commissioner of Social Security have opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.     Relevant Background**

In 2018, Plaintiff entered into a contingent fee agreement with with Jonathan Pena. (Doc. 27-2) Plaintiff indicated that he agreed his "attorney has the right under this contract to ask the court to award as much as 25% of [his] past-due benefits for representing [Plaintiff] in court." (*Id.* at 1)  The agreement also indicated counsel may seek compensation under the Equal Access to Justice Act, and the amount awarded would be refunded to Plaintiff from the fees awarded to counsel. (*Id.*)

On June 13, 2018, Plaintiff filed a complaint for review of the administrative decision denying an application for Social Security benefits. (Doc. 1) The Court determined the administrative law judge "failed to apply the proper legal standards and ignored significant, probative evidence in the

record." (Doc. 21 at 1) Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on February 28, 2020. (*Id.* at 11) Following the entry of judgment in favor of Plaintiff (Doc. 22), the Court awarded $6,880.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 24 at 1)

Upon remand, the administration issued a favorable decision, finding Plaintiff was "entitled to monthly disability benefits from Social Security beginning October 2013." (Doc. 27-1 at 2) In total, Plaintiff was entitled to $103,640.60 in past-due benefits, from which the Commissioner withheld $25,910.15 for "legal expenses and the work that was done before [Plaintiff] decided to take [his] case to court." (Doc. 27 at 3; Doc. 27-1 at 3) Mr. Pena received a direct deposit of $5,903.00 for fees on November 18, 2020, which he placed in a trust account. (Doc. 27 at 3)

Counsel filed the motion now before the Court on December 1, 2020, seeking the withheld fees, in the amount of $25,910.15. (Doc. 27) Mr. Pena indicated he would refund Plaintiff the amount of fees previously awarded under the EAJA. (*Id.* at 1) Plaintiff was served with the motion and informed of the right to file a response to indicate whether he agreed or disagreed with the requested fees within fourteen days. (*Id*. at 1, 9) To date, Plaintiff has not filed an opposition, or otherwise responded to the motion for fees.

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

///

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 27-2 at 1-2) Counsel accepted the risk of loss in the representation and expended a total of 38.35 hours while representing Plaintiff before the District Court. (Doc. 27-3 at 1-2) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision. For this, Mr. Pena requests a fee of $25,910.15, which is 25% of the past-due benefits owed, and equal to the amount withheld by the administration from for the payment of fees. (Doc. 27; *see also* Doc. 27-1 at 3) Because counsel intends to refund the $6,880.00 that was previously paid under the EAJA, the net cost to Plaintiff is $19,030.15. (*See id.* at 6) Finally, although served with the motion and informed of the right to oppose the fee request (Doc. 27 at 1, 9), Plaintiff did not file oppose the request and thereby indicates an implicit belief that the total amount requested for attorney fees is reasonable

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct. Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), the amount withheld by the administration for payment of fees, or the amount agreed upon by counsel and Plaintiff. (*See* Doc. 27-2)

### IV. Conclusion and Order

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Mr. Pena are reasonable. Thus, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $25,910.15 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, Jonathan Pena; and
3. Counsel **SHALL** refund $6,880.00 to Plaintiff Adolfo Lugo.

IT IS SO ORDERED.

Dated: __December 19, 2020__          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE